ELSA BAHNSCH, Plaintiff, *v.* CHARLES S. ANDREWS and HARVEY P. REMINGTON, as Executors, etc., of MARY ELIZABETH GREEN, Deceased, Defendants.

Supreme Court, Monroe County, September 1, 1939.

*Remington & Remington* [*Thomas H. Remington* of counsel], for the plaintiff.

*Budd, Coffey & Bertine* [*W. Clyde O'Brien* of counsel], for the defendant Charles S. Andrews as one of the executors, etc., of Mary Elizabeth Green, deceased.

LAPHAM, J. This is a motion to change the place of trial on the grounds:

*First.* That the plaintiff is a resident of a foreign country, and

*Second.* That the convenience of witnesses and the ends of justice will best be promoted by such change.

The facts before this court are briefly as follows: This action was instituted on the 5th day of June, 1939, and issue joined by the service of the answer of the defendant Charles S. Andrews on the twenty-second day of the same month, at which time a demand for a change of venue was also served and the present motion was made ten days after the expiration of the five-day period allowed the plaintiff in which to consent to the change.

It will thus be observed that the defendant Harvey F. Remington is in default. It should also be noted that the defendant Andrews is a resident of the county of Westchester, while the estate of dece-

dent Mary Elizabeth Green is being administered in the Surrogate's Court of the county of Dutchess. For all practical purposes we have an issue joined between a non-resident plaintiff and a resident defendant who is applying to this court for a change of place of trial to the county of his appointment rather than the county in which he actually resides. He invokes the aid of section 182 of the Civil Practice Act and section 143 of the Decedent Estate Law of the State of New York in support of his application. By reference to the former, we find that " An action in the Supreme Court not specified in the two following sections must be tried in the county in which one of the parties resided at the commencement thereof. An executor or administrator shall be deemed a resident of the county of his appointment, as well as the county in which he actually resides." By reading the latter section in connection therewith we discover that " In an action or special proceeding against two or more executors or administrators, representing the same decedent, all are considered as one person; and those who are first served with process, or first appear, must answer the plaintiff. Separate answers, by different executors or administrators cannot be required or allowed, except by direction of the court." A reading of these two sections together clearly indicates, it seems to the court, that in an action of this character the defendants are to be considered as an entity. That is: " Executors or administrators, whether one or several, are looked upon as one, so far as being parties is concerned." (1 Jessup-Redfield, Law and Practice in the Surrogates' Courts, § 145.)

It is the contention of the plaintiff, however, that she had an election in choosing the venue of her action, namely, the county in which the estate is being administered, or the county in which either of the defendants actually resides, and that she selected the county of Monroe of which the defendant Harvey F. Remington was a resident, and cannot be deprived of the advantage, if any, that may flow from this choice, by reason of the provisions of section 143 of the Decedent Estate Law; that to deny the plaintiff the right to select the county of the actual residence of either defendant is to deny that they were both parties to the action, and that the defendant Andrews should not be permitted to resort to a legal fiction in his application to remove the trial to the county of Dutchess.

The two sections here involved are not inconsistent in their practical application. In the instant case the defendant Remington is in default, and the question before this court is whether the defendant Andrews as one of the executors may for the purposes of this motion be deemed a resident of the county of Dutchess in

which the estate is being administered and may properly urge as against a non-resident plaintiff of this State and Nation a change of place of trial to that county. I believe he may, regardless of the fact that, had the defendant Remington joined issue pursuant to permission from the court under section 143 of the Decedent Estate Law, there would have been before this court two separate and distinct defendants, in which event, so far as residence of the parties is concerned, the movant must needs fail. In other words, the unity of the defendants is dependent upon the appearance and interposition of an answer by only one, and this legal fiction would be destroyed the moment more than one defendant, through resort to the court, appeared and joined issue.

In any event, the ends of justice will certainly be promoted by changing the place of trial of this action from Monroe to Dutchess county. While the papers submitted on the motion are defective in so far as the convenience of witnesses is concerned, yet they are sufficient, in my judgment, to show that in the interests of justice the change should be made.

Motion for change of place of trial is granted.

Let order enter accordingly.